**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JY R. SMART-EL, : | Civil Action No. 07-6130 (FLW) |
| Plaintiff, : | |
| v. : | **O R D E R** |
| OCEAN COUNTY : | |
| JUSTICE FACILITY, et al., : | |
| Defendants. : | |

Plaintiff seeks to file his Complaint in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), the Court finds that Plaintiff qualifies for prisoner in forma pauperis status.

IT IS therefore on this 18th day of    January   , 2008,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted; and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of the filing fee; and it is further

ORDERED that Plaintiff's claims against Ocean County Justice Facility are DISMISSED WITH PREJUDICE;[1] and it is further

---

[1] A jail is not a "person" amenable to suit under 42 U.S.C. § 1983. See Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (a jail is not a "person" under § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (same); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E. D. Va. 1992) (same).

ORDERED that Plaintiff's claims against Gary Merlin are DISMISSED WITHOUT PREJUDICE;[2] and it is further

ORDERED that Plaintiff's claims against Theodore Hutler are DISMISSED WITHOUT PREJUDICE;[3] and it is further

---

[2] It is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement of a supervising official can be shown through allegations that a defendant directed had *actual* knowledge of the deprivation of a plaintiff's constitutional rights. See id.; Monell, 436 U.S. at 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. See Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed. App. 240 (3d Cir. 2005). In the case at bar, Plaintiff's allegations against Defendant Merlin are limited to the statement that Defendant Merlin, the warden of Plaintiff's place of confinement, "played a part somehow." Compl. ¶ 4(c). Such allegations are insufficient to state a claim.

[3] Personal involvement by a defendant is an indispensable element of a valid legal claim; such personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights (or by tolerating past or ongoing misbehavior of subordinates while having both supervisory power and knowledge of these constitutional violations). See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Conversely, where no personal involvement by the defendant in the alleged wrong is asserted, the plaintiff's claim against that defendant is subject to dismissal. See Rode, 845 F.2d at 1207. Here, Plaintiff's Complaint is silent as to Defendant Hutler, Plaintiff's reference to Hutler is limited to designation

ORDERED that the Clerk shall terminate Ocean County Justice Facility, Gary Merlin and Theodore Hutler as Defendants in this action; and it is further

ORDERED that the Clerk shall add Captain Therien as a Defendant in this action, pursuant to the caption of the Complaint; and it is further

ORDERED that Plaintiff's allegations asserting violations of Plaintiff's constitutional rights as a result of Plaintiff's transfer from Atlantic County Justice Facility to Ocean County Justice Facility are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted;[4] and it is further

---

of him as a Defendant in this action in the caption of the Complaint.  Such "allegations" are insufficient to state a claim.

[4] Plaintiff does not have a liberty interest in assignment to the correctional institution of his choice.  See Wilkinson v. Austin, 125 S. Ct. 2384, 2393 (2005) (noting that the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Walker v. Hughes, 558 F.2d 1247, 1252 (6th Cir. 1977)("Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons, subjection to significant and adverse effects on parole dates, and deprivation of privileges").  The Supreme Court has held:

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another.  The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons .  Neither, in our

ORDERED that Plaintiff's remaining claims against Defendants Hagen and Therien may proceed past the sua sponte dismissal stage; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk of the Court shall issue summons, and a United States marshal shall serve summons, together with copies of the complaint and this order, upon Defendants Hagen and Therien, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants Hagen and Therien shall file and serve a responsive pleading within the time specified by Fed. R. Civ. P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk of the Court

---

> view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.

Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (emphasis in original). Moreover, the matters of placement of prisoners are among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Id. at 225. Hence, Plaintiff's disappointment with his transfer from Atlantic Facility to Ocean Facility does not present a cognizable due process claim, and this Court has no reason to interpret Plaintiff's allegations related to the transfer as a First Amendment retaliation claim since the alleged transfer occurred: (a) six days after Plaintiff's initial incarceration; (b) prior to any other event described in the Complaint, and (c) pursuant to an unrelated judicial order. See Compl. ¶ 6.

shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir. 1997), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, Plaintiff is advised that such appointment is neither guaranteed nor automatic); and it is further

ORDERED that the Clerk of the Court shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall: (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk of the Court shall forward a copy of this order by regular mail to the Attorney General of the State of New Jersey and the warden of the place of Plaintiff's current confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28

U.S.C. § 1915(b)(2) in the manner set forth below; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee and, when funds exist, the agency having custody of Plaintiff shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk of the Court; and it is finally

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of the plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action.

s/Freda L. Wolfson
**Freda L. Wolfson**
**United States District Judge**

6