# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JY R. SMART-EL, | : | Civil Action No. 07-6130 (FLW) |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| OCEAN COUNTY JUSTICE FACILITY, <u>et al.</u>, | : | |
| Defendants. | : | |

_____**THIS MATTER** having been opened to the Court by William A. Bock, Esq., counsel for defendants, Nina Hagen and Captain Richard Therien (collectively, "Defendants"), on a motion for summary judgment to dismiss <u>pro se</u> plaintiff Jy R. Smart-El's ("Plaintiff") civil rights claims; specifically, Plaintiff, a prisoner incarcerated at the Ocean County Jail, alleges that his religious rights have been violated; it appearing that Plaintiff had filed three separate grievances, during the time period of October 6, 2007 through December 21, 2007, with the prison; however, it appearing that after the disposition of each of the grievances, Plaintiff failed to appeal the decisions pursuant to the grievance procedure outlined in the Ocean County Department of Corrections Inmate Rulebook; it appearing that 42 U.S.C. § 1997(e) states that "no action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"; it appearing that the exhaustion of administrative remedies is mandatory, even if the available process cannot grant the desired remedy, <u>Booth v. Churner</u>, 532 U.S. 731, 738-39 (2001)(all "available" remedies must now be exhausted); it appearing that the exhaustion rule applies to prison conditions which include not only conditions affecting prisoners generally, but also to "occurrences," <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002);

it further appearing that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Id; additionally, it appearing that there is no futility exception to the exhaustion requirement, and the burden of demonstrating exhaustion rests with Plaintiff, see Nyhuis v. Reno, 204 F.3d 65, 70-74 (3d Cir. 2000); it appearing that Plaintiff has filed the within litigation concerning conditions of his confinement and other alleged wrongs arising out of prison life, and because nothing in the record indicates that Plaintiff filed any appeal with the Chief of Security of the prison, as instructed in the Rulebook, he failed to exhaust his administrative remedies; it appearing that Plaintiff did not oppose the motion, as indicated by this Court's Letter dated May 1, 2008; it further appearing that on January 18, 2008, the Court has already dismissed defendants Gary Merlin, Ocean County Justice Facility and Theodore Hutler; having reviewed the motion pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein and for good cause shown,

**IT IS** on this 29th day of May, 2008,

**ORDERED** that the claims against Defendants Nina Hagen and Captain Richard Therien are summarily dismissed, without prejudice, for Plaintiff's failure to exhaust his administrative remedies; it is further

**ORDERED** that the case shall be marked as **CLOSED**.

 /s/  Freda L. Wolfson
The Honorable Freda L. Wolfson,
United States District Judge

2